ROBERT THOMPSON V. THE STATE.

No. 19238. Delivered December 15, 1937.

The opinion states the case.

*W. H. Russell,* of Hereford, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of $100.

Appellant was the employee of Herold Close, who was the holder of a permit authorizing the sale of intoxicating liquor

for medicinal purposes. H. T. Nelson, an inspector of the Liquor Control Board, testified that he went to the place of business where appellant was working and bought a pint of whisky from him. His testimony was to the further effect that appellant, in selling the whisky, failed to demand and receive from him a prescription issued by a licensed physician.

In his testimony appellant said: "To the best of my recollection and judgment I did not sell H. T. Nelson any whisky without a prescription, and did not sell him the liquor offered in evidence. I have been instructed by Mr. Close, for whom I work as a clerk, never to sell any liquor without a prescription, and it is our invariable custom to always have a prescription; and I have no reason for selling without such prescription."

Appellant's contention that Nelson was an accomplice witness cannot be sustained. Under similar circumstances, it was held in Stevens v. State, Opinion No. 18,823 (page 333 of this volume), delivered October 13, 1937, that the inspectors of the Liquor Control Board were not accomplice witnesses.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.